# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| LAURA CANADAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:19-cv-01084-STA-jay |
| | ) | |
| THE ANTHEM COMPANIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

On September 9, 2019, the Plaintiff, Laura Canaday,[1] filed a Motion for Conditional Collective Action Certification and Court-Authorized Notice (Docket Entry ("D.E.") 36), a Memorandum of Law in Support (D.E. 36-1), and a bevy of other supporting documents (D.E. 36-2 to D.E. 36-12).[2] Canaday seeks conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"). (D.E. 36-1, PageID 121.) On October 16, 2019, the Defendant, the Anthem Companies, Inc.,[3] filed a Response in Opposition (D.E. 53) and a host of other supporting documents (D.E. 53-1 to D.E. 53-9).[4] Canaday, after receiving leave of Court, filed a Reply (D.E. 57) and supporting documents (D.E. 57-1 to 57-3).[5] Subsequently, Chief United States

---

[1] Hereinafter referenced as "Canaday."

[2] Hereinafter referenced collectively as "Motion for Certification."

[3] Hereinafter referenced as "Anthem."

[4] Hereinafter referenced collectively as "Response."

[5] Hereinafter referenced collectively as "Reply."

District Court Judge S. Thomas Anderson referred the Motion for Certification to the undersigned for a Report and Recommendation. (D.E. 38.)  For the reasons set forth below, I recommend that Canaday's Motion for Certification be granted in part and denied in part.

## Proposed Findings of Fact

Canaday and the putative plaintiffs work for Anthem and/or Anthem's subsidiaries. Canaday and the putative plaintiffs are categorized as "Medical Management Nurses."[6] Canaday's primary responsibility is to conduct utilization/medical necessity reviews. (D.E. 36-5, PageID 152-53, ¶¶ 5-6.) The type of utilization/medical necessity reviews conducted by Canaday and the other putative plaintiffs differs depending on their employment assignment. (D.E. 54-4, PageID 398-99, ¶¶ 7-10.) For example, some Medical Management Nurses conduct inpatient reviews, some conduct outpatient reviews, and some conduct subacute reviews. (*Id.*, PageID 388, 400-01, ¶¶ 7, 15,18)

As part of such reviews, Medical Management Nurses apply standardized guidelines, standardized criteria, and Anthem's policies and procedures. (D.E. 36-5, PageID 153, ¶ 7.)  The type of guideline used by a Medical Management Nurses is based upon the type of review they are conducting. (D.E. 53-4, PageID 401, ¶ 18.)  For example, Medical Management Nurses apply Milliman's Care guidelines when reviewing inpatient procedures or conditions and InterQual guidelines when reviewing sub-acute services (Id.)

Anthem acknowledges that, between October 10, 2016, and October 11, 2019, it has employed 2,575 people as Medical Management Nurses. (D.E. 53-1, PageID 347-48, ¶¶ 4-7.)

---

[6] Initially, Plaintiff sought to include Medical Management Nurses, Utilization Review Nurses, Nurse Reviewers, and Nurse Review Associates as putative members of the collective.  However, after Defendant filed its Reply, Plaintiff agreed to limit the putative members to employees assigned to the "Medical Management Nurse job family." (D.E. 57, PageID 457-58.)

These Medical Management Nurses work across the country with "fewer than 100" working in Tennessee. (*Id.*, ¶ 7.) Other than 100 nurses working in "Post Service Clinical Claim Review," all Medical Management Nurses are classified as exempt under the FLSA. (*Id.*, PageID 347, ¶ 6.)

Canaday works from home in Tennessee. (D.E. 36-5, PageID 152, ¶ 3.) Canaday asserts that although she works overtime hours, she does not receive overtime pay. (D.E. 36-5, PageID 153, ¶¶ 12-3.) She also claims that "other Utilization Management Review Nurses" do not receive overtime pay. (*Id.*, PageID 154, ¶ 15.) Canaday seeks conditional certification of "All persons who worked as Medical Management Nurses who were paid a salary and treated as exempt from overtime laws and were primarily responsible for performing medical necessity reviews for [Anthem] at any time since three years prior to filing this Complaint." (D.E. 57, PageID 457-458.)

**Standard**

Section 216(b) of the FLSA provides:

> An Action [under *§ 206*] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*29 U.S.C.A. § 216(b)*. Collective actions under the FLSA require putative members to opt into the class. *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 583 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez,* 136 S.CT. 663 (2016). Also, in contrast to Rule 23 class actions, an FLSA collective action is not subject to the numerosity, commonality, typicality, and representativeness requirements of a traditional *Rule 23* class action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009).

Plaintiffs in a FLSA collective action must demonstrate that they are "similarly situated." *29 U.S.C.A. § 216(b)*; *O'Brien,* 575 F.3d at 583. Under the FLSA, putative members "whose causes

of action under the FLSA accrued at about the time and place and in the approximate manner of the named plaintiff would be similarly situated and can opt into the action." *Miklos v. Golman-Hayden Companies, Inc.,* No. 2:99-CV-1279, 2000 WL 1617969, at *1 (S.D. Ohio, Oct. 24, 2000).

When an FLSA action is based on a defendant's unified and allegedly illegal policy, courts may "conditionally certify" a collective at the early stages of discovery. *See O'Brien,* 575 F.3d at 585-86. This occurs before all plaintiffs have received notice and is based on representations contained in the pleadings and affidavits that the defendant employs a unified policy that has resulted in FLSA violations to all putative members. *See id.* (requiring, at a minimum, an allegation that each putative class member suffered from an FLSA violation); *Pacheco v. Boar's Head Provisions Co., Inc.,* 671 F. Supp. 2d 957, 959, 961 (W.D. Mich. 2009) (noting that there must be allegations that potential plaintiffs were victims of a common plan, but that, at the conditional certification stage, these allegations can be contained in the pleadings and affidavits of named parties). As Judge Mays explained:

> Several courts have recognized that the named plaintiff's burden at this stage is not a heavy one. *White v. MPW Indus. Servs.,* 236 F.R.D. 363, 367 (E.D. Tenn. 2006*)*; *Swallows v. City of Brentwood, Tenn.,* 2007 U.S. Dist. LEXIS 61130, 2007 WL 2402735, at *2 (M.D. Tenn. Aug. 20, 2007). "[T]he burden of proof is relatively slight at this stage of the case because the Court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members." *McDonald v. Madison Township Bd. of Township Trustees,* 2007 U.S. Dist. LEXIS 76450, at *6 (S.D. Ohio Oct. 5, 2007).

*Frye v. Baptist Mem'l Hosp., Inc.*, 2008 U.S. Dist. LEXIS 107139, *12-13, (W.D. Tenn. Sept. 16, 2008).

The Sixth Circuit Court of Appeals has also recognized:

> Courts typically bifurcate certification of FLSA collective action cases. At the notice stage, conditional certification may be given along with judicial authorization to notify similarly situated employees of the action. *Id.* Once discovery has concluded, the district court—with more information on which to base its decision and thus under a more exacting standard—looks more closely at whether the members of the class are similarly situated.

*Monroe v. FTS USA, LLC,* 860 F.3d 389, 397 (6th Cir. 2017), cert. denied, 138 S. Ct. 980, 200 L. Ed. 2d 248 (2018). Therefore, at the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer,* 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). While differences in the factual and employment conditions of each of the collective members may preclude final collective certification, such an analysis is best reserved for the second stage of the certification process. *See Bentz v. UC Synergetic, LLC*, No. 2:16-cv-2700-SHL-egb, 2018 WL 4677786 at * 3 (W.D. Tenn. Sept. 28, 2018) (citing *Hoffman v. Kohler Co.,* No. 2:15-cv-01263-STA-egb, 2017 WL 3865656 at *6 (W.D. Tenn. Aug. 30, 2017). Finally, trial courts should "not resolve factual disputes or make credibility determinations at the conditional certification stage." *Hayes v. Butts Foods, Inc.*, No. 1:18-cv-01235, 2019 WL 4317644, at *3 (W.D. Tenn. Sept. 11, 2019).

**Proposed Conclusions of Law**

I conclude: (I) the Court does not have jurisdiction to certify an FLSA collective including putative out-of-state plaintiffs, (II) the Court should conditionally certify a collective for putative in-state plaintiffs, (III) the Court should require Anthem to provide names and contact information for the putative plaintiffs, (IV) the parties should submit a revised proposed notice, and (V) the Court should only authorize notice via first-class mail and electronic mail ("email").

**I.   The Court cannot exercise jurisdiction over the out-of-state plaintiffs in this FLSA collective action.**

Anthem contends that pursuant to *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1781, 198 L.Ed.2d 395 (2017)[7], this Court does not have jurisdiction over the FLSA claims of out-of-state putative plaintiffs. Anthem relies upon the decision of several district courts within the Sixth Circuit to support this argument.[8] On the other hand, Canaday, citing other district courts throughout the country, contends that *Bristol-Myers* is inapplicable to collective actions under the FLSA.[9]

Neither the United States Supreme Court nor the United States Sixth Circuit Court of Appeals have explicitly addressed whether *Bristol-Myers* applies to collective actions under the FLSA or other collective/class actions based upon federal law. Similarly, this appears to be an

---

[7] Hereinafter *"Bristol-Myers."*

[8] Defendant relies upon: *Rafferty v. Denny's, Inc.*, No. 5:18-cv-2409, 2019 WL 2924998 at *7 (N.D. Ohio July 8, 2019), *Maclin v. Reliable Reports of Tex., Inc.*, 414 F. Supp. 3d 845, 850 (N.D. Ohio 2018), and *Turner v. UtiliQuest, LLC,* No. 3:18-cv-00294, *6 (M.D. Tenn. July 16, 2019), all courts within the Sixth Circuit, and *Roy v. FedEx Ground Package Sys., Inc.,* 353 F. Supp. 3d 43, 62 (D. Mass. 2018), a court within the First Circuit.

[9] Canaday cites cases such as: *Swamy v. Title Source, Inc.,* No. C 17-01175 WHA, 2017 WL 5196780 at *2 (N.D. Cal. Nov. 10, 2017), *Garcia v. Peterson*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018), *Mason v. Lumber Liquidators*, *Inc.*, No. 17-CV-4780 (MKB) (RLM), 2019 WL 3940846 at * 7, (E.D.N.Y. Aug. 19, 2019), *Hickman v. TL Transp., LLC.*, 317 F. Supp. 3d 890, 899 n.2 (E.D. Pa. 2018).

issue of first impression for the United States District Court for the Western District of Tennessee. With this lack of controlling precedent concerning the applicability of *Bristol-Myers* to FLSA collective actions in mind, I look to *Bristol-Myers* itself and the decisions of other district courts to reach a conclusion in this case.

### A. *Bristol-Myers*

In *Bristol-Myers*, the United States Supreme Court held that it violates the Due Process Clause of the Fourteenth Amendment for a state court to exercise specific jurisdiction over the claims of nonresidents, when such claims did not arise from the defendant's activity within that state. 137 S.Ct. at 1781-84. The *Bristol-Myers* plaintiffs consisted of 86 California residents and 592 residents from other states. *Id*. at 1778. The plaintiffs initiated mass action lawsuits in California Superior Court against Bristol-Myers Squibb Company ("BMS") asserting state law claims of products liability, misleading advertising, and negligent misrepresentation for BMS's manufacturing and distribution of Plavix, a prescription blood thinner. *Id*.

However, BMS was incorporated in Delaware and its principal operations were in New Jersey and New York. *Id*. at 1777-78. Additionally, the nonresident plaintiffs "did not allege that they obtained Plavix through California physicians or from any other California source; nor did they claim that they were injured by Plavix or were treated for their injuries in California." *Id*. at 1778. Therefore, BMS argued that the California state courts lacked personal jurisdiction over the claims of the nonresident plaintiffs. *Id*.

Ultimately, the United States Supreme Court agreed with BMS explaining that "specific jurisdiction is confined to adjudication of issues deriving from, or connect with, the very controversy that establishes jurisdiction." *Id*. (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 546 U.S. 915, 918, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)) (internal punctuation

omitted). The Court's restriction on the exercises of specific jurisdiction was explicitly motivated by the federalism interests surrounding the "territorial limitations on the power of the respective States." *Bristol-Myers*, 137 S.Ct. at 1780 (citing *Hansen v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (internal punctuation omitted). Therefore, the Court held that the Due Process Clause of the Fourteenth Amendment precluded California state courts from exercising jurisdiction over the nonresident plaintiffs' claims because the claims did not arise from BMS's activity within California. *Bristol-Myers*, 137 S.Ct. at 1780-84. Finally, the Court expressly declined to decide whether the Fifth Amendment would impose similar jurisdictional limitations on a federal Court. *Id.* at 1783-84.

> **B.   *Application of Bristol-Myers by other federal courts to federal class and collective actions.***

As set forth above, the Sixth Circuit has not addressed the applicability of *Bristol-Myers* to Rule 23 class actions or FSLA collective actions. In fact, as of the date of this Report and Recommendation, none of the federal courts of appeal have ruled on this issue. Furthermore, district courts split on the application of *Bristol-Myers* to federal class and collective actions.

> 1.   *Courts declining to apply Bristol-Myers*

In *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780 at *2 (N.D. Cal. Nov. 10, 2017), the United States District Court for the Northern District of California declined to apply *Bristol-Myers* to an FLSA collective action. The court based its ruling on the fact that the FLSA itself does not limit collective actions to "in-state plaintiffs." *See id.* (citing 29 U.S.C. 216(b)). The court further distinguished the federal FLSA claims from the state law claims in *Bristol-Myers*. *Id*. Finally, the court explained that applying *Bristol-Myers* to FLSA actions would, "[S]plinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collection actions as a means to vindicate employee's

rights." *Id*. Based on those concerns, the court declined to apply *Bristol-Myers.*

Other federal district courts, in declining to apply *Bristol-Myers,* have distinguished state mass tort action lawsuits from federal class action lawsuits. *See, e.g., Casso's Wellness Store & Gym, L.L.C.* v. *Spectrum Laboratory Products, Inc*., No. 17-2161, 2018 WL 1377608, at *5-6 (E.D. La. Mar. 19, 2018);[10] *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, Civil Action MDL No. 09-2047, 2017 WL 5971622, at *11-22 (E.D. La. Nov. 30, 2017).[11] In *Casso's* the United States District Court for the Eastern District of Louisiana explained that each of the plaintiff in a mass tort action are named plaintiffs; however, in a federal class action, the plaintiff seeking to represent the class is the only plaintiff named in the complaint. 2018 WL 1377608, at *5-6. Therefore, the court reasoned that only the named plaintiff's claims were relevant for the purposes of personal jurisdiction. *Id*.  Finally, the court also noted that there are additional due process safeguards for defendants in federal class actions because of the certification requirements set forth in Federal Rule of Civil Procedure 23. *Id*.

In *Sanchez v. Launch Technical Workforce Solutions, LLC*, 297 F.Supp.3d 1360, 1363-67 (N.D. Ga. 2018)[12], the United States District Court for the Northern District of Georgia followed the same approach as the *Casso's* court. However, the *Sanchez* court went a step further by finding that, unlike in *Bristol-Myers,* there were no federalism concerns with respect to a federal court exercising jurisdiction over a nationwide class. *Id*. at 1366-67. Finally, the *Sanchez* court noted that (1) *Bristol-Myers* explicitly declined to address personal jurisdiction restrictions on federal

---

[10] Hereinafter "*Casso's.*"

[11] Hereinafter "*Chinese-Manufactured Drywall*."

[12] In *Sanchez*, the District Court Judge adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court. 297 F.Supp.3d at 1362.

courts and (2) reaffirmed existing due-process law. *Id.* at 1364, 1369. Therefore, the court declined to apply *Bristol-Myers* to a federal nationwide class action and denied the motion to dismiss non-resident class members. *Id*. at 1362-69.

### 2. *Courts applying Bristol-Myers*

On the other hand, some courts have explicitly held that the *Bristol-Myers* does apply to federal class and/or collective actions. *See, e.g., Maclin v. Reliable Reports of Texas Inc.,* 314 F. Supp.3d 845, 850-51 (N.D. Ohio 2018) ("[T]he Court cannot envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome respecting FLSA claims than the Fourteenth Amendment Due Process Clause, and this district court will not limit the holing in *Bristol-Myers* to mass tort claims or state courts."); *Roy v. FedEx Ground Package System, Inc.,* 353 F.Supp.3d 43, 52-62 (D. Mass 2018); *In re Dental Supplies Antitrust Litigation*, No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, *9 (E.D.N.Y. Sept. 20, 2017). In applying *Bristol-Myers* to federal class actions, the United States District Court for the Eastern District of New York noted "the constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of class." *In re Dental Supplies Antitrust Litigation*, 2017 WL 4217115, at *9. "Personal jurisdiction in class actions must comport with due process just the same as any other case." *Id*.

In *Roy,* 353 F.Supp.3d at 52-62, the United States District Court for the District of Massachusetts provided an in-depth and compelling analysis of this issue. The court recognized that, pursuant to the Fifth Amendment's Due Process Clause, a federal court may exercise personal jurisdiction in federal question cases based upon a defendant's minimum contacts with the United States as a whole rather than with a particular state. *Id.* However, the court also explained that when the federal statute governing the action does not authorize nationwide service of process,

10

courts look to state law and the Fourteenth Amendment's Due Process Clause for the limits of their personal jurisdiction. *Id*. at 56.  Therefore, the *Roy* court reasoned that, because the FLSA does not authorize nationwide service of process, the Fifth Amendment did not dictate the parameters of due process in its FLSA case. *Id*.

The *Roy* court then explained that, whether presented in a class action or otherwise, due process requires a connection between the forum and specific claims at issue. *Id*. The court also explained its view that the federalism concerns raised by *Bristol-Myers* preclude nationwide class actions in forum where the defendant is not subject to general jurisdiction. *Id*. Distinguishing the pending FLSA collective action from other federal class actions, the court noted that, "[T]he opt-in plaintiffs in an FLSA collective action are more analogous to the individual plaintiffs who were joined as parties in *Bristol-Myers* and the named plaintiffs in putative class actions than to members of a Rule 23 certified class." *Id*. at 59-62.  Therefore, the court applied *Bristol-Myers* and declined to issue notice to putative collective members who did not work within Massachusetts. *Id* at 62.

The United States District Court for the Middle District of Tennessee recently adopted the rationale behind *Roy. See Turner v. Utiliquest*, *LLC*, No. 3:18-cv-00294, ____ WL _____, (M.D. Tenn. July 16, 2019)[13].  The court held that "opt-in" plaintiffs in FLSA cases are more akin to the individual plaintiffs in mass tort actions.  *Id*. Therefore, the court applied *Bristol-Meyer*s and held that it did not have jurisdiction over the non-Tennessee plaintiffs in an FLSA case. *Id*.

---

[13] This case is not currently accessible on Westlaw or Lexis. However, Defendant filed a copy of the decision. (*See* D.E. 58, PageID 435-447.)

11

### C.  *Application of Bristol-Myers to this case.*

*Bristol-Myers* does apply to FLSA collective actions. For the reasons articulated in *Roy,* I am convinced that *Bristol-Myers* requires courts to have personal jurisdiction over all opt-in plaintiffs in a FLSA collective action. Like many of the judges and magistrate judges to address this issue, I have concerns about the practical implications of applying *Bristol-Myers* to FLSA collective actions. However, these policy concerns do not obviate my duty and obligation to follow what appears to be binding Supreme Court precedent.

Because Anthem is not subject to general jurisdiction in Tennessee, pursuant to *Bristol-Myers,* the exercise of personal jurisdiction in this case requires each opt-in plaintiff to demonstrate that her claim arose from or is sufficiently related to Anthem's conduct/activity within Tennessee. The record does not demonstrate that any of the putative out-of-state plaintiff's wages were in any way related to Anthem's activities in Tennessee. Therefore, I recommend that the District Court deny the Canaday's Motion for Conditional Certification to the extent she seeks to include out-of-state plaintiffs in her collective.

## II.  The Court should conditionally certify a collective including putative in-state plaintiffs.

Employing the lenient standard applicable to conditional certification prior to discovery, I conclude that Canaday has made a "modest factual showing" that she is similarly situated to the putative in-state plaintiffs. In reaching this decision, I do not rely on the affidavits of the putative out-of-state plaintiffs. Instead, I rely upon Canaday's Affidavit and Anthem's own filings.

In essence, Canaday claims she and other Medical Management Nurses were wrongfully classified as exempt under the FLSA and wrongfully denied overtime payments. Anthem does not dispute that Canaday and other in-state Medical Management Nurses were classified as exempt under the FLSA or that for some Medical Management Nurses their primary responsibility was

12

performing medical necessity reviews. Similarly, Anthem does not appear to dispute that, at times, Canaday and other in-state Medical Management Nurses worked in excess of forty (40) hours a week without overtime compensation. Instead, Anthem contends it properly classified Medical Management Nurses as exempt under the FLSA and Medical Management Nurses day-to-day activities differ to such an extent that they cannot be considered "similarly situated." Anthem's arguments are unpersuasive.

At this initial certification stage, the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *See Brasfield v. Source Broadband Services, LLC*, 257 F.R.D. 641, 642-43 (W.D. Tenn. 2009); *see also Hughes v. Gulf Interstate Field Services, Inc.*, No. 2:14-cv-000432, 2015 WL 4112312, at * 4 (S.D. Ohio July 7, 2015) ("[D]etermination of whether Plaintiffs and others similarly situated qualify as exempt employees under the FLSA is a merits determination that will be considered at the second phase of certification, not at this initial conditional inquiry.") Here, as in *Hughes*, Anthem's contention regarding the propriety of classifying its Medical Management Nurses as exempt under the FLSA is also a merits determination.  Therefore, this contention does not provide a sufficient basis for denying Canaday's request for conditional certification, and it must be reserved for the second certification stage.

Similarly, "Conditional certification is not the time to strictly evaluate the factual differences and details of the purported class members." *See Bentz,* 2018 WL 4677786 at * 3. Instead, while such differences may prevent sustained certification, they "are better reserved for the second stage of the certification evaluation." *Id.* Therefore, Anthem's arguments concerning how its Medical Management Nurses receive different levels of supervision, apply different guidelines and standards to their reviews, and use different systems are also unpersuasive at this

initial certification stage.

Accordingly, I recommend that the Court grant Canaday's Motion for Certification (D.E. 36) to the extent she seeks to conditionally certify a collective consisting of– any individual who: (1) worked/works in Tennessee for the Anthem Companies, Inc. (or one of its subsidiaries) in the Medical Management Nurse Family, (2) was/is paid a salary, (3) was/is treated as exempt from overtime laws, (4) worked/works over forty (40) hours during an week, and (5) was/is primarily responsible for performing medical necessity reviews at any time since May 7, 2016. [14]

### III. The Court should require Anthem to provide Canaday some of the requested information for the putative plaintiffs.

Canaday requests an order directing Anthem to provide a list of each putative plaintiff's: (1) name, (2) job title, (3) last known address, (4) last known personal email address, (5) dates of employment, (6) location(s) of employment, (7) employee identification number, and (8) social security number (last four digits only). (D.E. 36-1, PageID 139.) The Court may require employers to release mailing lists in collective actions. *See Archer v. Nabors Truck Service, Inc.*, No. 16-cv-02610-JTF-tmp, 2018 WL 6574796, at *7 (W.D. Tenn. Oct. 12, 2018), *report and recommendation adopted at* 2:16-cv-2610-MSN-tmp, 2019 WL 2070424 (W.D. Mar. 15, 2019.)

---

[14] Absent a willful violation by the employer, the statute of limitations for an FLSA claim is two years. *See Archer v. Nabors Truck Service, Inc.*, No. 16-cv-02610-JTF-tmp, 2018 WL 6574796, at *6 (W.D. Tenn. Oct. 12, 2018), *report and recommendation adopted at* 2:16-cv-2610-MSN-tmp, 2019 WL 2070424 (W.D. Mar. 15, 2019.) However, if the violation is willful the statute of limitations is three years. *Id*.

Here, Canaday's Complaint alleges that Anthem engaged in willful violations of the FLSA. (D.E. 1, PageID 5, 7, ¶¶ 33, 41) and her Motion for Certification is based upon the three-year statute of limitations. In its Response, Anthem has not addressed the applicability of the two- or three-year statute of limitations. Additionally, at the conditional certification stage, other courts have utilized the three-year period. *See Archer,* 2018 WL 6574796, at *6. Accordingly, at this juncture, I recommend that the Court conditionally certify the collective for up to three years prior to the filing of the Complaint.

However, Canaday has not demonstrated a need for the putative plaintiffs' social security or employee identification numbers. Therefore, I do not believe that it is currently appropriate or necessary to require disclosure of the such information. *See Archer,* 2018 WL 6574796, at *7. Accordingly, I recommend that the Court order Anthem to disclose each putative plaintiff's: (1) name, (2) job title, (3) last known address, (4) last known personal email address, (5) dates of employment, and (6) location(s) of employment in an electronic and importable format within such time frame as determined by the Court.

### IV.     The Court should order the parties to submit a revised proposed notice.

Canaday's original proposed notice is addressed to:

> Any individual who works or worked for the Anthem Companies, Inc., or for one of its subsidiary companies, as a Utilization Review Nurse, Medical Management Nurse, Nurse Reviews, Nurse Reviewer Associate, or in another similar position [Three years prior to the date Notice is Sent] to the present.

However, if the Court adopts this Report and Recommendation, the collective will be limited to:

> Any individual who: (1) worked/works in Tennessee for the Anthem Companies, Inc. (or one of its subsidiaries) in the Medical Management Nurse Family, (2) was/is paid a salary, (3) was/is treated as exempt from overtime laws, (4) worked/works over forty (40) hours during an week, and (5) was/is primarily responsible for performing medical necessity reviews at any time since May 7, 2016.

Therefore, if the Court adopts the other portions of this Report and Recommendation, the parties should be directed to file a joint proposed notice or separate proposed notices, with support for their differing positions, for the Court's consideration within fourteen (14) days of the Court's order or such other deadline as the Court deems appropriate.[15]

---

[15] The parties joint proposed notice or separate notices should also include a proposed duration for the opt-in period.

15

**V.      The Court should only authorize notice via first-class mail and email.**

Notice in an FSLA case is routinely distributed via first-class mail and email. *See Archer*, 2018 WL 6574796, at *7.) However, when authorizing and approving FLSA notices, courts must avoid encouraging putative plaintiffs to take specific action. *See Wlotkwoski v. Michigan Bell Telephone Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010). Therefore, some courts refuse to authorize reminder notices or notice via a defendant's own communications system. *See Davis v. Colonial Freight Systems, Inc.*, No. 3:16-CV-674-TRM-HBG, 2018 WL 2014548, at * 3-4 (E.D. Tenn. Apr. 30, 2018) (refusing to authorize reminder notice and/or use of the defendant's own communication system); *but see Kidd v. Mathis Tire & Auto Serv., Inc.*, No. 2:14-cv-02298-JPM-dkv, 2014 WL 4923004, at *3 (W.D. Tenn. Sept. 18, 2014) (authorizing a reminder notice due to the remedial purpose of the FLSA.)

In this case, I conclude that first-class mail and email are sufficient for providing notice to the putative plaintiffs. Therefore, the Court should decline to order the Defendant to post the notice on its own intranet. Additionally, I conclude that Canaday's proposed reminder notice could be construed as encouraging putative plaintiffs to join this action. Therefore, I recommend that the Court decline to authorize a reminder notice.

**Recommendation**

For the foregoing reasons, I respectfully recommend that the Court grant in part and deny in part Canaday's Motion for Certification (D.E. 36) by issuing an order:

- conditionally certifying a collective action including- any individual who: (1) worked/works in Tennessee for the Anthem Companies, Inc. (or one of its subsidiaries) in the Medical Management Nurse Family, (2) was/is paid a salary, (3) was/is treated as exempt from overtime laws, (4) worked/works over forty (40) hours during an week, and (5) was/is primarily responsible for performing medical necessity reviews at any time since May 7, 2016;

- requiring Anthem to disclose each putative plaintiff's: (1) name, (2) job title, (3) last known address, (4) last known personal email address, (5) dates of employment, and (6) location(s) of employment in an electronic and importable format within such time frame as determined by the Court;

- requiring the parties to submit joint proposed notice or separate proposed notices, with support for their differing positions, for the Court's consideration within fourteen (14) days of the Court's order or such other deadline as the Court deems appropriate;

- authorizing the notice via first-class mail and email only.

Respectfully submitted this the 3d day of January, 2020.

s/Jon A. York<br>
United States Magistrate Judge

**IF DESIRED, AN APPEAL OF THIS REPORT AND RECOMMENDATION TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS REPORT AND RECOMMENDATION. *SEE* 28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**