UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LAURA CANADAY, individually and on behalf of all others similarly situated, ) ) ) | Case No. 1:19-CV-01084-STA-JAY |
| Plaintiff, ) ) ) | |
| v. ) ) ) | |
| THE ANTHEM COMPANIES, INC., ) ) ) | |
| Defendant. ) ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

Plaintiff Canaday's objections to Magistrate Judge York's Report & Recommendation (ECF No. 65) ("R&R") are nothing more than an attempt to re-litigate arguments that Judge York properly rejected. Canaday's objections should be rejected.

As Defendant briefed, and as Magistrate Judge York joined numerous other courts in finding, this Court lacks personal jurisdiction over the FLSA claims of potential party plaintiffs who neither live in Tennessee nor worked for Defendant—a foreign company—in the state. The Supreme Court's 2017 decision in *Bristol-Myers Squibb Co. v. Superior Court of California* requires this result, as various courts assessing FLSA claims (including three within the Sixth Circuit) have concluded. The FLSA's collective action mechanism does not equip plaintiffs and the counsel who represent them with an unfettered right to forum shop.

As Plaintiff would have it, however, the FLSA's standard for collective action treatment—namely, the "similarly situated" standard under 29 U.S.C. § 216(b)—displaces the need for individual claimants to worry about personal jurisdiction. In fact, the standards and inquiries are *entirely* different. Whether out-of-state individuals are sufficiently "similar" to each other, to in-state putative plaintiffs, and to an in-state named plaintiff to warrant proceeding together has

*nothing* to do with whether a court has jurisdiction over Anthem as to their claims (and thus is not a matter upon which Magistrate Judge York ruled).

To the contrary, each party plaintiff *must* demonstrate personal jurisdiction in a federal lawsuit. The party plaintiffs in an FLSA collective action, which include opt-in plaintiffs, are not immune from this requirement—not by virtue of 29 U.S.C. § 216(b), and not pursuant to any other provision of law. Here, the proper analysis requires that each out-of-state opt-in plaintiff's claims arise out of Defendant's Tennessee contacts. Where, as here, a plaintiff chooses to file suit in a state where the defendant is neither incorporated nor operates its principal place of business, she also chooses that out-of-state plaintiffs will be excluded when they cannot satisfy that showing.

Magistrate Judge York's R&R rightly rejected Plaintiff Canaday's proposal to send notice of this lawsuit to individuals over whom it does not have personal jurisdiction. It also rightly declined Plaintiff's request to send multiple notices about the case to the in-state individuals over whom the Court has jurisdiction, siding with various other courts in opining that one notice is sufficient. This Court should adopt the R&R and reject Plaintiff's objections.

## ARGUMENT

Plaintiff's objections to the R&R are flawed for three fundamental reasons: (1) it conflates the FLSA's standard for aggregating claims with personal jurisdiction over Anthem as to those various claims; (2) it incorrectly concludes that only named FLSA plaintiffs must establish personal jurisdiction over Defendant Anthem Companies, Inc. as to their claims, and (3) it urges this Court to use the wrong analysis in determining personal jurisdiction. Because FLSA opt-in plaintiffs are party plaintiffs who must establish personal jurisdiction; because the proper personal jurisdiction analysis requires that claims arise out of Defendant's Tennessee contacts (something Plaintiff does not dispute out-of-state opt-ins cannot show); and because the Magistrate Judge appropriately rejected use of a reminder notice, this Court should adopt the R&R.

## I. The FLSA's "Similarly Situated" Analysis Has Nothing to Do With Personal Jurisdiction

Citing no authority, Plaintiff argues that the Magistrate Judge erred in recommending against certifying a nationwide collective because she purportedly satisfies the FLSA's "similarly situated" requirement. (Pl.'s Objs., ECF No. 66 at 5.) This is a red herring. Whether Plaintiff is "similarly situated" with the individuals in the putative collective—a point Anthem denies (despite Plaintiff's claim to the contrary, *see id.* at 5)—has *nothing* to do with personal jurisdiction. Being "similarly situated" does not equate to personal jurisdiction, and it certainly does not justify sending notice of the lawsuit to individuals who cannot lay claims here.

Under 29 U.S.C. § 216(b), FLSA plaintiffs may pursue claims on behalf of themselves and others "similarly situated." In other words, showing sufficient similarity can unlock an aggregate litigation mechanism. That showing, however, says nothing relevant to a personal jurisdiction inquiry, which Anthem details in the following section. Whether they are similar or not, there is no point in inviting individuals to join this litigation only to find out that their claims cannot survive in this Court. This Court should decline to send notice without regard to whether it has personal jurisdiction over Anthem.

## II. Putative Opt-In Plaintiffs Must Show Jurisdiction as to Their Respective Claims

Plaintiff wrongly contends that "the weight of legal authority" supports her self-serving conclusion that once she, as the self-identified "named plaintiff," establishes personal jurisdiction, the Court need not worry about jurisdiction over Anthem as to any other individual who joins her lawsuit. (Pl.'s Objs., ECF No. 66 at 6.) The nine cases she cites indeed conclude that *Bristol-Myers* does not require opt-in plaintiffs to show personal jurisdiction. (*See id.* at 6-7). But those cases contain flawed reasoning and in any event must be balanced against at least eight others (nine, if you include the R&R here) that hold the opposite.

The eight decisions applying *Bristol-Myers* in the FLSA collective action context grapple with that decision's reasoning and consider the status of opt-in plaintiffs as compared to named plaintiffs, unnamed Rule 23 class members, and parties joined under Rule 20. *See, e.g.*, *Pettenato v. Beacon Health Options*, 2019 WL 5587335, at * 7-9 (S.D.N.Y. Oct. 25, 2019); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 61 (D. Mass. 2018); *Maclin v. Reliable Reports of Tex.*, 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018); *Szewczyk v. UPS*, 2019 WL 5423036, at *8 (E.D. Pa. Oct. 22, 2019); *Chavira v. OS Rest. Servs., LLC*, 2019 WL 4769101, at *6 (D. Mass. Sept. 30, 2019); *Turner v. Utiliquest, LLC*, 2019 WL 7461197, at *3 (M.D. Tenn. July 16, 2019); *Hickman v. TL Transp., LLC*, 317 F. Supp. 3d 890, 899 (E.D. Pa. 2018); *Rafferty v. Denny's, Inc.*, 2019 WL 2924998, at *7 (N.D. Ohio July 8, 2019). All conclude—rightly—that, if not the same, opt-in plaintiffs more closely resemble mass tort plaintiffs like those in *Bristol-Myers* or parties added via Rule 20's joinder mechanism than they do unnamed Rule 23 class members. *See id.* They do not rely on self-serving, circular logic—namely, that only a named plaintiff is subject to personal jurisdiction because the court has jurisdiction over the named plaintiff—as does Plaintiff in her objections (*see* ECF No. 66 at 6-7).

Cases refusing to apply *Bristol-Myers*, by contrast, make at least one of several different fundamental errors:

- *Seiffert v. Qwest Corp.*, 2018 WL 6590836, at *4 (D. Mont. Dec. 14, 2018), *Swamy v. Title Source, Inc.*, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017), *Meo v. Lane Bryant, Inc.*, 2019 WL 5157024, at *12 (E.D.N.Y. Sept. 30, 2019), *Mason v. Lumber Liquidators*, 2019 WL 2088609, at *6 (E.D.N.Y. May 13, 2019), and an unadopted portion of the report and recommendation in *Gibbs v. MLK Express Servs., LLC*, 2019 WL 1980123, at *16 (M.D. Fla. 2019), *rpt. and rec. adopted in part*, 2019 WL 2635746 (M.D. Fla. June 27, 2019), all conflate subject matter and personal jurisdiction and hold that the FLSA's broad remedial reach somehow permits opt-in plaintiffs to avoid personal jurisdiction. It doesn't for the simple reason that existence of subject matter jurisdiction (what remedial reach

speaks to) does not excuse the absence of personal jurisdiction.[1] (*See* Def.'s Mot. to Dismiss, ECF No. 52 at 9-10.)

- *Hunt v. Interactive Medical Specialists, Inc.*, 2019 WL 6528594, at *3 (N.D. W. Va. Dec. 4, 2019), meanwhile, makes the fundamental error of evaluating personal jurisdiction "at the level of the suit" (i.e., named plaintiffs) instead of focusing on individual claims. *See Bristol-Myers*, 137 S. Ct. at 1781 ("What is needed [to show personal jurisdiction] . . . is a connection between the forum and the specific claims at issue."); *see also Walden v. Fiore*, 571 U.S. 277, 283-84 (2014); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006) ("Permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts would violate the Due Process Clause.").

- *Saenz v. Old Dominion Freight Line, Inc.*, 2019 WL 6622840, at *5 (N.D. Ga. June 7, 2019), reached its tentative conclusion—there were no out-of-state opt-in plaintiffs in the case when the motion at issue was filed—-with no analysis while citing a case that dealt with Rule 23's class action mechanism, not the FLSA's collective action mechanism.

- *Garcia v. Peterson*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018), likewise offers little analysis, holding that it "agrees" with cases that declined "to analyze personal jurisdiction with regards to each individual plaintiff" in an FLSA collective.

- *Thomas v. Kellogg Co.*, 2017 WL 5256634, at *1 (W.D. Wash. Oct. 17, 2017), refused to extend *Bristol-Myers* to the FLSA because it only concerned state, not federal, court. As detailed below, this approach to the jurisdictional analysis does not hold water.

Whatever non-binding sister district courts have to say about the matter, the reality, as *Pettenato*, *Roy*, *Maclin*, *Szewczyk*, *Turner*, *Hickman*, and *Rafferty* cases recognize, is that out-of-state opt-in plaintiffs are party plaintiffs whose claims must arise out of Anthem's Tennessee contacts. Indeed, the FLSA itself confers party plaintiff status. *See* 29 U.S.C. § 216(b); *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016) ("**[E]very plaintiff who opts in to a collective action has party status.**") (emphasis added). That status is "the same . . . in

---

[1] Plaintiff also makes conflation noises in her objection, stating that the FLSA is designed to address employment practices nationwide, and that FLSA actions may be brought in any federal or state court of competent jurisdiction. (*See* ECF No. 66 at 9.) Just as decisions like *Seiffert* and *Swamy* are misguided to confuse subject matter and personal jurisdiction, so too is Plaintiff.

relation to the claims of the lawsuit" as the status of a named plaintiff. *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003). In fact, "there is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs." *Campbell v. Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018).[2]

Even if the standard for joining parties under Rule 20 is higher than the FLSA's "similarly situated" requirement (one of Plaintiff's throwaway arguments at the end of her objection, *see* ECF No. 66 at 10), the way the law treats opt-in plaintiffs as indistinct from named plaintiffs for purposes of a lawsuit's claims makes them far closer to joined plaintiffs and those initially named than to unnamed Rule 23 class members. *Campbell*, 903 F.3d at 1104-05. As *Bristol-Myers* makes clear, when people band together and sue a defendant yet retain individual party identities, as happens in both state mass tort actions and FLSA collectives, their individual claims must connect to the defendant's activities in the chosen forum in order for a court to assert power over the defendant as to those claims. *See Bristol-Myers*, 137 S. Ct. at 1781.[3]

---

[2] In response to Anthem's Motion to Dismiss, Plaintiff attempted to distinguish *Campbell* by pointing out its decertification context. (Pl.'s Resp. to Mot. to Dismiss, ECF No. 59 at 5.) The relevant passages in *Campbell*, however, though have nothing to do with decertification, which itself relates only to § 216(b)'s similarly situated requirement. Instead, *Campbell* examined the status of opt-in plaintiffs to determine whether they could appeal a decertification order. 903 F.3d at 1106-07. That status discussion is relevant and persuasive, if not binding, at all stages of an FLSA collective action, not just at decertification.

[3] In a related argument later in her objections, Plaintiff contends that FLSA opt-ins are not analogous to state law mass tort plaintiffs. (Pl.'s Objs., ECF No. 66 at 10.) She points to the allowance of representative evidence in FLSA trials and what she says is *Bristol-Myers*' own acknowledgement that each tort plaintiff "effectuate service of summons," which isn't true for FLSA opt-in plaintiffs. (*Id.*) But representative evidence actually makes FLSA opt-ins *more* like state law mass tort plaintiffs than unnamed class members. The latter need present no individualized evidence on common issues, whereas both mass tort plaintiffs and FLSA opt-ins may well have to do so. Plaintiff's service argument also fails to persuade because, as explained below, it miscomprehends the role service of process plays in determining personal jurisdiction.

**III.     The Proper Personal Jurisdiction Analysis Considers the Connection of an Opt-In Plaintiff's Claim to Anthem's Tennessee Contacts, Not the United States as a Whole**

For error number three, Plaintiff urges the wrong personal jurisdiction analysis. Because this case involves federal claims in federal court, says Plaintiff, the Fifth Amendment applies and permits contacts with the nation as a whole to satisfy due process. (*See* Pl.'s Objs., ECF No. 66 at 7-10.) *Bristol-Myers* and its concern with Fourteenth Amendment due process therefore does not, rendering the R&R and its analysis of opt-in plaintiffs' and Anthem's Tennessee contacts irrelevant, at least according to Plaintiff. (*Id.*)

Plaintiff's proffered personal jurisdiction analysis is half-baked. She is correct that a federal court adjudicating federal claims may exercise jurisdiction over parties only when doing so satisfies Fifth Amendment due process. But that constitutional mandate sets the outer limits on a federal court's power over persons. It says that, at their maximum reach, federal courts may only bind parties with minimum contacts to the *United States*, not contacts solely to a particular state. But the Fifth Amendment is not the only constraint on a court's exercise of personal jurisdiction, particularly in federal question cases where the statute at issue lacks a service of process provision—in those cases, courts look to state law and the Fourteenth Amendment for the limits of their personal jurisdiction. *See, e.g.*, *Roy*, 353 F. Supp. 3d at 52-62.

Indeed, the Supreme Court has held that "before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (addressing personal jurisdiction in the context of federal questions);[4] *see also Miss.*

---

[4] *Omni* expressly rejected the same argument Plaintiff makes here—that defense contacts with the nation as a whole suffice to permit a court to exercise personal jurisdiction. *See Omni*, 484 U.S. at

*Pub. Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."). Put simply, "there are other prerequisites" beyond due process "to a federal court's exercise of personal jurisdiction." *Omni*, 484 U.S. at 104.

Sometimes the statute providing the cause of action contains a service of process provision that permits service nationwide. *See, e.g.*, 15 U.S.C. § 78aa ("[P]rocess" in securities cases "may be served . . . wherever the defendant may be found"). Such provisions allow federal district courts to exercise jurisdiction over defendants who have minimum contacts with the United States. *See, e.g.*, *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993). In other words, nationwide service provisions authorize the exercise of jurisdiction to the maximum extent allowed under the Fifth Amendment.

Many federal statutes, however, lack nationwide service provisions. The FLSA is one of them. These statutes, the FLSA included, look to Rule 4(k) of the Federal Rules of Civil Procedure to define the "territorial limits of effective service." Fed. R. Civ. P. 4(k); *see Omni*, 434 U.S. at 410-11 (discussing predecessor to Rule 4(k)). Rule 4(k)(1)(A) says that serving a summons establishes personal jurisdiction over defendants who are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." By its terms, Rule 4(k) limits a federal court's exercise of jurisdiction by tethering it to state court authority. State courts in turn may only exercise "general jurisdiction" consistent with the state's long-arm statute and with Fourteenth Amendment due process. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (applying Fourteenth Amendment analysis after noting that "[w]here a federal court's subject

---

103-04 (rejecting argument that the "only limits on" federal courts "in their exercise of personal jurisdiction[] relate to due process").

matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process").

Tying these threads together, the territorial limits of effective service when a federal court adjudicates federal questions under a statute that does not contain a service of process provision are the same limits faced by a state court. Service under Rule 4(k) only "establishes personal jurisdiction" over those defendants who would be "subject to the jurisdiction" of a state court. *See* Fed. R. Civ. P. 4(k)(1)(A). Because state court jurisdiction is defined in part by the Fourteenth Amendment, service of process only establishes personal jurisdiction in cases like this one if a claim arises from the defendant's contacts with the forum state. *See Walden*, 571 U.S. at 284.

Plaintiff points to *Sloan v. GM*, 287 F. Supp. 3d 840 (N.D. Cal. 2018), to argue that "the due process right does not obtain [in federal court] in the same manner [as in *Bristol-Myers*] because all federal courts, regardless of where they sit, represent the same federal sovereign, not the sovereignty of a foreign state government." *Id.* at 858-59. True enough. But recognizing that about due process says nothing about the mechanics by which a court asserts jurisdiction, an area where the Supreme Court saw fit to fold into Rule 4 the limits that due process places on state courts. Because those limits impose tighter geographical constraints than the Fifth Amendment, the limits of effective service of process, not the Fifth Amendment's broader reach, serve as the front line restraint on federal court power over parties. After all, even *Sloan* ultimately considered the defendant's contacts with the forum state in evaluating personal jurisdiction. *See id.* at 859.

Applying those principles to this case, the summons Plaintiff served on Anthem establishes personal jurisdiction over Anthem only as to claims—the proper analytical unit—that unlock the

general jurisdiction of a Tennessee state court. *See* Fed. R. Civ. P. 4(k)(1)(A). As Anthem readily admits, claims by Tennessee employees, like Plaintiff, fit that bill. Plaintiff's summons does not, however, allow assertion of jurisdiction over Anthem as to claims, like those of out-of-state opt-in plaintiffs, that arise out of Anthem's conduct outside of Tennessee.

The general jurisdiction of a state court becomes available when the state's long-arm statute is satisfied and if the assertion of jurisdiction comports with due process. *See* Fed. R. Civ. P. 4(k)(1)(A); *Walden*, 571 U.S. at 283. Because Tennessee's long-arm statute reaches to the limits of due process, the statutory and constitutional inquiries in this case merge. *Sledge v. Indico Sys. Resources, Inc.*, 68 F. Supp. 3d 834, 840 (W.D. Tenn. 2014) (Anderson, J.). That inquiry is a familiar one. It asks three questions: did the defendant purposefully avail itself of the forum's laws; did the claim arise from its in-forum activities; and is the exercise of jurisdiction reasonable. *See id.* (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Even if purposeful availment and reasonableness are satisfied, out-of-state opt-in plaintiffs like Latrice Gainey, Mary Bishop, Patrice LeFlore, and the droves of other out-of-state individuals who Plaintiff seeks permission to invite to join this case cannot show that their claims arose from Anthem's Tennessee conduct. They have no connection to Tennessee. They don't live in Tennessee, they don't work in Tennessee, and Anthem did not pay them in Tennessee. Their FLSA overtime claims, which center entirely on the nature of their jobs with Anthem and their pay from Anthem, thus do not "relate to" Anthem's Tennessee contacts. *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (holding that specific jurisdiction exists over a defendant whose "[claim] results from alleged injuries that arise out of or relate to [a defendant's in-forum] activities") (emphasis added, quotes omitted). Anthem is thus not subject to Tennessee state court jurisdiction as to those claims. That in turn renders the summons served on Anthem ineffective at establishing

personal jurisdiction with respect to the out-of-state plaintiffs who hold them.

With no procedure by which this Court can assert jurisdiction over Anthem as to the claims of out-of-state opt-ins, certification of a nationwide collective makes little sense, as the Magistrate Judge rightly recognized. The R&R thus should be adopted as this Court's opinion.

**IV.     The Magistrate Judge Correctly Concluded That a Reminder Notice is Unnecessary**

After authorizing Plaintiff Canaday to send notice of the lawsuit to putative plaintiffs via U.S. Mail and email, the Magistrate Judge properly concluded that Canaday's request to also send a reminder notice is unnecessary and needlessly risks suggesting judicial encouragement to join. Plaintiff offers no viable reason to reject this conclusion.

Plaintiff failed to demonstrate why a reminder is necessary, and that failure persists today. Indeed, Plaintiff's argument in objection to the R&R seems to be, "a reminder is necessary because they've been approved in other cases." This is hardly a justification at all. *See, e.g.*, *Brittmon v. Upreach*, LLC, 285 F. Supp. 3d 1033, 1045 (S.D. Ohio 2018) ("Plaintiff's only argument in support of issuing reminder notices is that '[c]ourts regularly authorize reminder notices to increase the chance that workers will be informed of their rights.' This Court, however, has regularly denied such requests, particularly when it approves dual notice to former employees in the first instance. Plaintiff's request to send reminder notices in this case is likewise denied.") (internal citations omitted). *Phipps v. Chariots of Hire, Inc.*, 2017 WL 4228028, at *6, *rpt. and rec. adopted*, 2017 WL 4202228 (E.D. Tenn. Sept. 21, 2017) (rejecting proposal to send reminders where plaintiffs offered no evidence as to why the initial notice would not suffice); *Williams v. King Bee Delivery, LLC*, 2017 WL 987452, at *8 (E.D. Ky. 2017) ("Because Plaintiffs have not explained why reminder notices are necessary in this case, and in the interest of eliminating the concerns of judicial endorsement detailed above, the Court declines to authorize . . . a reminder notice.").

Plaintiff would have this Court believe that reminders are always appropriate and that courts in this circuit uniformly allow them. Neither point is true. "There is no 'one-size-fits-all' approach" for courts in fashioning the notice process. *Fenley v. Wood Group Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074-75 (S.D. Ohio 2016). There are, however, important guardrails. One is that a court "must avoid communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This provides ample reason to pause before authorizing not only an initial Court-authorized notice informing putative plaintiffs about the lawsuit, their opportunity to join it, and the procedure for doing so, but also a subsequent reminder telling them once again about the opportunity to join.

Contrary to Plaintiff's assertions, numerous courts throughout the Sixth Circuit have ruled just as Magistrate Judge York did in rejecting unsupported demands to send reminder notices. In *Fenley*, 170 F. Supp. at 1074-75, the court rejected the plaintiff's proposed reminder, noting that "the Court should be hesitant to authorize duplicative notice because it may unnecessarily 'stir up litigation' or improperly suggest the Court's endorsement of Plaintiff's claims." In *Hall v. U.S. Cargo & Courier Service, LLC*, 299 F. Supp. 3d 888, 900 (S.D. Ohio 2018), the court observed that "[c]ourts 'have rejected reminder notices, recognizing the narrow line that divides advising potential opt-in plaintiffs of the existence of the lawsuit—and encouraging participation.'" Likewise, in *Kim v. Detroit Med. Informatics, LLC*, 2019 WL 6307196, at *5 (E.D. Mich. Nov. 25, 2019), a court that approved notice via U.S. Mail and email—as the Magistrate Judge recommends here—rejected a proposal to send a reminder notice as well, finding it "unnecessary and redundant." *See also Davis v. Colonial Freight System*, 2018 WL 2014548, at *4 (E.D. Tenn. Apr. 30, 2018) ("[R]eminder postcards and emails are not necessary in this case."); *Wlotkowski*,

267 F.R.D. at 220 ("reminder is unnecessary and potentially could be interpreted as encouragement by the court to join").

Magistrate Judge York properly concluded that a reminder notice is not warranted in this case. "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." *Knispel v. Chrysler Grp. LLC*, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012) (internal citations and quotation marks omitted). To accomplish that purpose, a detailed notice about the lawsuit will be distributed to putative plaintiffs via U.S. Mail and email. Plaintiff offers no justification as to why a reminder notice is necessary as well. Many courts have rejected reminder notices, recognizing the fine line that divides advising potential plaintiffs about the lawsuit and encouraging their participation. There is no reason for the Court to risk jumping that line by sending a reminder notice. *See Melton v. Lawrence*, 2018 WL 5723942, at *9 (E.D. Tenn. Oct. 31, 2018) ("Plaintiff identifies no compelling reason why a follow-up is necessary in this case. Accordingly, the Court will not permit the follow-up postcard."). Her objections to Judge York's R&R should be rejected accordingly.

## CONCLUSION

Magistrate Judge York correctly concluded that: (1) the Court lacks a mechanism by which it can assert personal jurisdiction over Anthem as to claims by out-of-state opt-in plaintiffs; (2) a nationwide collective thus should not be certified; and (3) Plaintiff's request for a reminder notice should be denied. This Court therefore should adopt the R&R, deny Plaintiff's Motion for Conditional Certification insofar as it seeks to certify a collective that includes Anthem employees outside of Tennessee, and refuse to authorize a reminder notice to any Tennessee collective.

Date: January 31, 2020            By:   s/ Kevin M. Young
                                        Brett C. Bartlett
                                        Georgia Bar No. 040510
                                        bbartlett@seyfarth.com
                                        Kevin M. Young

Georgia Bar No. 183770
kyoung@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

COUNSEL FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| LAURA CANADAY, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) THE ANTHEM COMPANIES, INC., ) ) Defendant. ) ) | Case No. 1:19-CV-01084-STA-JAY |

**CERTIFICATE OF SERVICE**

I certify that on January 31, 2020 I filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will automatically send notice of the same to the following counsel of record:

Rachhana T. Srey (srey@nka.com)
Neil Pederson (npederson@nka.com)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

s/ Kevin M. Young
One of Counsel for Defendant