IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LAURA CANADAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-01084-STA-jay |
| ) | |
| THE ANTHEM COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR RULE 54(b) CERTIFICATION**
_____

Before the Court is Plaintiff's Motion for Rule 54(b) Certification, filed on February 28, 2020. (ECF No. 72.)  On February 3, 2020, this Court adopted the Magistrate Judge's Report and Recommendation that Plaintiff's Motion for Conditional Collective Action Certification (ECF No. 36) be granted in part and denied in part.  (ECF No. 68.)  In effect, this Court conditionally certified a class of individuals who worked for Defendant in Tennessee so that Plaintiff could notify them of her lawsuit and instruct them on how to join. (*Id.* at 10–11.)  Three putative plaintiffs that had already consented to join in the action but did not work for Defendant in Tennessee were, thus, dismissed from the action.  (*Id.* at 11–12.)

Plaintiff now moves this Court to direct entry of final judgment as to these three putative plaintiffs under Rule 54(b).  (ECF No. 72.)  Defendant opposes the Motion.  (ECF No. 78.)  For the reasons discussed below, Plaintiff's Motion is **DENIED.**

Rule 54(b) of the Federal Rules of Civil Procedure "relaxes the traditional finality requirement for appellate review" but "does not tolerate immediate appeal of every action taken

by a district court." *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). It states in pertinent part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.

Fed. R. Civ. P. 54(b) (emphasis added). Accordingly, the District Court must find that two elements are met to enter partial final judgment. First, multiple claims or parties must be involved. *Gen. Acquisition, Inc.*, 23 F.3d at 1026–27. The district court must then "expressly determine[] that there is no just reason for delay." *Id.* at 1026; *see also Novia Comm., LLC v. Weatherby*, No. 19-3421, 2020 WL 289199 at *2 (6th Cir. Jan 21, 2020) (quoting *Gen. Acquisition, Inc.*, 23 F.3d at 1026; *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 738 (6th Cir. 2014)). Because this Court finds that there is just reason for delay, as discussed below, the Court will assume the presence of multiple claims or parties.

Districts courts are "vested with considerable discretion" in finding whether there is a just reason to delay. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994). The Sixth Circuit has articulated a "nonexhaustive list of factors" for a district court to consider, including "the possibility that the need for review might or might not be mooted by future developments in the district court" and "the possibility that the reviewing court might be obliged to consider the same issue a second time" along with "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like." *Id.* at 1030 (citing *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 n.2 (6th Cir. 1986); *Day v. NLO, Inc.*, 3 F.3d 153, 155 (6th Cir. 1993)).

This element essentially "requires the district court to balance the needs of the parties against the interests of efficient case management." *Id.*

The Court finds that there is just reason to delay entry of final judgment. Conditional class certification is not an immediately appealable issue.[1] *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 549 (6th Cir. 2006). A plaintiff cannot use his dismissal as a "smuggling route for an otherwise non-appealable issue." *Taylor v. Pilot Corp.*, 697 F. App'x 854, 859 (6th Cir. 2017). Here, the Court limited conditional certification to putative plaintiffs who worked for Defendant in Tennessee, concluding that it does not have personal jurisdiction over putative plaintiffs that worked for Defendant outside of Tennessee. Because the three putative plaintiffs at issue in this Motion did not fit the class definition, they were dismissed. Appeal of their dismissal would necessarily focus on this Court's determination that, for purposes of conditionally certifying and FLSA collective, it does not have personal jurisdiction over out-of-state putative plaintiffs. This Court finds that Plaintiff is circuitously attempting to appeal the limitation placed on the conditional class, and such appeal is premature.

Thus, this Court finds just reason to delay entry of final judgment and **DENIES** Plaintiff's Motion for Rule 54(b) Certification.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 24, 2020.

---

[1] FLSA class certification is a two-step inquiry. "'At the notice stage, the certification is conditional and by no means final.' The plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" *Comer*, 454 F.3d 546–47 (quoting *Pritchard v. Dent Wizard Int'l,* 210 F.R.D. 591, 595 (S.D. Ohio 2002)). "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Id.* at 547.