**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

LAURA CANADAY, individually and on
behalf of all others similarly situated,
                Plaintiff,                      Case No. 1:19-CV-01084-STA-jay

v.

THE ANTHEM COMPANIES, INC.,
                Defendant.

---

**PLAINTIFF'S UNOPPOSED MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**

---

**INTRODUCTION**

The legal question of whether the U.S. Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California* ("*Bristol-Myers*"), 137 S. Ct. 1773, applies to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., collective actions is precisely the kind of issue appropriate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). After certification of the Court's February 3, 2020 Order, the appellate court would review a purely legal question, without delving into the factual record and in which a split of opinion exists within the Sixth Circuit and among district courts throughout the United States. Furthermore, early resolution of this legal issue would favor judicial economy and would materially advance this litigation.

At issue in this case is whether this Court has specific personal jurisdiction over out-of-state putative collective members' claims against Defendant. The Court agreed with Defendant's analysis that the *Bristol-Myers* decision applies to FLSA collective actions, meaning, that a federal district court only has specific personal jurisdiction over putative collective members whose injuries occurred within the forum state. The parties do not dispute that at least three opt-in

1

Plaintiffs performed work for Defendant outside of Tennessee, and thus, the Court dismissed their claims without prejudice from this action. Additionally, as to out-of-state putative collective members' claims, the Court limited the scope of Plaintiff Canaday's collective to those individuals who performed work in Tennessee. Not only has another district court within this Circuit disagreed with this approach, but a swath of district courts across the country have also reached a different result. Permitting the appellate court to address this issue now—rather than after final judgment of the Tennessee opt-in Plaintiffs' claims over a year from now—would materially advance the litigation by conserving resources should the Court's Order be reversed.

Therefore, Plaintiff respectfully requests that this Court certify its February 3, 2020 Order granting Defendant's motion to dismiss and granting in part and denying in part Plaintiff's motion for conditional certification for interlocutory appeal.

## CONSULTATION STATEMENT

The undersigned certifies that, pursuant to Local Rule 7.2(a)(1)(B), Plaintiff has, in good faith, met and conferred with Defendant regarding certification of the Court's February 3, 2020 Order for interlocutory appeal. Plaintiff's counsel met and conferred with Defendant's counsel via email during the week of May 11, 2020. Defendant does not oppose this motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2019, Plaintiff filed a collective action Complaint on behalf of herself and other similarly situated utilization review nurses against Defendant for its failure to pay her overtime wages in violation of the FLSA. (Compl., ECF No. 1.) On July 3, 2019, Defendant filed its Answer. (Ans., ECF No. 13.) Three weeks later, Defendant amended its Answer and raised lack of personal jurisdiction as a defense under Federal Rule of Civil Procedure 12(b)(2). (Am. Ans. ¶¶ 6–7, ECF No. 17.)

On September 9, 2019, Plaintiff filed a motion for conditional certification and court-authorized notice, seeking nationwide conditional certification of a collective consisting of all utilization review nurses who are or were paid by salary and are or were primarily responsible for performing medical necessity reviews. (ECF No. 36–1.) On October 16, 2019, in addition to opposing Plaintiff's motion for nationwide conditional certification, Defendant contemporaneously filed a motion to dismiss three utilization review nurses—Patrice LeFlore, Mary Bishop, and Latrice Gainey—who had opted-in to this case early by filing written consent to join forms pursuant to 29 U.S.C. § 216(b).[1] (ECF No. 52.) Each of these three out-of-state opt-in plaintiffs submitted declarations in support of Plaintiff's motion for conditional certification. (ECF No. 36–6.) In its motion to dismiss, Defendant argued that this Court lacks personal jurisdiction over these three out-of-state opt-in Plaintiffs' claims and therefore, pursuant to the Supreme Court's *Bristol-Myers* decision, these claims should be dismissed from this case. (*See* ECF No. 52.) Similarly, in its opposition to conditional certification, Defendant argued that the Court lacks personal jurisdiction over out-of-state putative collective members' claims. (*See* ECF No. 53.)

On February 3, 2020, this Court granted Defendant's partial motion to dismiss, concluding that it did not have personal jurisdiction over Defendant with respect to the claims of out-of-state opt-in Plaintiffs LeFlore, Bishop, and Gainey. (ECF No. 68.) On February 28, 2020, Plaintiff moved the Court to certify its dismissal Order as a final judgment for purposes of immediate review pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 72.) Defendant opposed this motion. (ECF No. 78.) The Court denied the motion on April 24, 2020. (ECF No. 85 at 3.)

---

[1] LeFlore submitted her consent to join form with the Complaint. (ECF No. 1–2.) Bishop filed her consent to join form on August 23, 2019, and Gainey filed her consent to join form on September 3, 2019. (ECF Nos. 29–1 and 34–1.)

## **LEGAL STANDARD**

A district court in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal if "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F. 345, 350 (6th Cir. 2002); *see also* 28 U.S.C. § 1292(b).

## **ARGUMENT**

### I.    The Order Involves a Controlling Question of Law

A legal issue is controlling if it could materially affect the outcome of the case. *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). One example of a controlling issue is if its resolution could dispose of claims against a party. *See Sims v. First Horizon Nat'l Corp.*, No. 08-2293-STA-cgc, 2010 WL 1050976, at *3 (W.D. Tenn. Mar. 22, 2010). However, the resolution of the issue need not lead to termination of the case. *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). Finally, federal courts define a controlling question of law as "pure questions of law where a ruling can be made without the appellate court delving into the record." *Miller v. Uchendu*, No. 13-cv-02149-SHL-dkv, 2015 WL 7709414, at *2 (W.D. Tenn. July 24, 2015).

The legal question presented for this interlocutory appeal is a controlling question. Although a ruling in favor of Defendant would not terminate the case, it would dispose of out-of-state opt-in Plaintiffs' claims against it in this District. *See Black & Decker (US), Inc. v. Smith*, 2008 WL 3850825, at *2 (W.D. Tenn. Aug. 13, 2008) (finding that although a ruling in favor of defendant would not end the lawsuit, it would dispose of several claims against him). In other words, the answer to this legal question dictates the scope of this litigation: whether the claims of

only in-state opt-in Plaintiffs may be tried together, or whether the claims of both in-state and out-of-state opt-in Plaintiff may pool their resources to collectively vindicate their rights. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (describing the FLSA's collective action mechanism).

Next, the issue of whether *Bristol-Myers* applies to FLSA collective actions is a purely legal question related to personal jurisdiction. The parties do not dispute that the three opt-in Plaintiffs whose claims were dismissed performed work outside of Tennessee and that Plaintiff's proposed nationwide collective definition would apply to individuals who performed work within and outside of Tennessee. The Sixth Circuit would simply decide whether any out-of-state workers may join in-state workers in this district to pursue their claims against Defendant. Therefore, this factor supports certifying the Court's Order for interlocutory appeal.

## II.     A Substantial Ground for Difference of Opinion Exists

A substantial ground for a difference of opinion exists when "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Sims v. First Horizon Nat'l Corp.*, No. 08-2293-STA-cgc, 2010 WL 1050976, at *3 (W.D. Tenn. Mar. 22, 2010).

Factors one and two applies in this case because the pertinent issue is difficult and of first impression and because a difference of opinion exists within the Sixth Circuit. The Northern District of Ohio, one court in the Middle District of Tennessee. and this Court has followed the line of cases that has applied *Bristol-Myers* to limit the scope of FLSA collectives to in-state opt-in plaintiffs. *See Turner v. Utiliquest, LLC*, No. 3:18-cv-00294, 2019 WL 7461197, at *3 (M.D. Tenn. July 16, 2019); *Rafferty v. Denny's Inc.*, No. 5:18-cv-2409, 2019 WL 2924998, at *7 (N.D. Ohio July 8, 2019); *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850 (N.D. Ohio

2018). However, another court in the Middle District of Tennessee has reached the opposite result and has determined that the *Bristol-Myers* decision does not apply to FLSA collective actions. *See Hammond v. Floor & Decor Outlets of Am.*, No. 3:19-cv-01099, 2020 WL 2473717, at *15 (M.D. Tenn. May 13, 2020) (finding that the holding in *Bristol-Myers* does not extend to an FLSA collective action filed in federal court).

Although no Circuit court has decided whether the *Bristol-Myers* decision applies to FLSA collective actions, this Court noted in its Order that district courts are also split across the country. (*See* ECF No. 68 at 8.) This Court followed the line of cases that has applied *Bristol-Myers* to limit the scope of FLSA collective to in-state opt-in plaintiffs. *See, e.g.*, *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 62 (D. Mass. 2018); *Maclin*, 314 F. Supp. 3d at 850. These cases reason that FLSA opt-in plaintiffs are more akin to the parties-of-interest in the *Bristol-Myers* mass tort action rather than Rule 23 class members, and thus, each opt-in plaintiff must establish her injury's contacts with the forum state to meet specific personal jurisdiction requirements. *See Camp v. Bimbo Bakeries USA, Inc.*, 2020 WL 1692532, at *7 (D.N.H. Apr. 7, 2020) ("'Opt-in' plaintiffs in FLSA collective actions are more like the individual plaintiffs in *Bristol-Myers* than members of a Rule 23 class, and that close similarity requires similar outcomes."); *Roy*, 353 F. Supp. 3d at 62 ("Plaintiffs are required to demonstrate that FedEx Ground has sufficient minimum contacts with Massachusetts to satisfy the constitutional guarantee of due process regarding the claims of non-Massachusetts opt-in plaintiffs.").

On the other hand, another long line of cases has concluded that the *Bristol-Myers* decision does not apply to FLSA collective actions. *See Aiuto v. Publix Super Markets, Inc.*, 2020 WL 2039946, at *5 (N.D. Ga. Apr. 9, 2020); *Warren v. MBI Energy Servs., Inc.*, 2020 WL 937420, at *7 (D. Colo. Feb. 25, 2020); *Turner v. Concentrix Servs., Inc.*, 2020 WL 544705, at *3 (W.D. Ark.

Feb. 3, 2020); *Hunt v. Interactive Med. Specialists, Inc.*, No. 1:19CV13, 2019 WL 6528594, at *3 (N.D.W. Va. Dec. 4, 2019); *Saenz v. Old Dominion Freight Line, Inc.*, 2019 WL 6622840, at *5 (N.D. Ga. June 7, 2019); *Gibbs v. MLK Express Servs., LLC*, 2019 WL 19080123, at *16 (M.D. Fla. Mar. 28, 2019), *report and recommendation adopted in part, rejected in part*, 2019 WL 2635746 (M.D. Fla. June 27, 2019); *Seiffert v. Qwest Corp.*, 2018 WL 6590836, at *4 (D. Mont. Dec. 14, 2018); *Swamy v. Title Source, Inc.*, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017).

These latter cases hold that in analyzing specific personal jurisdiction, a federal court need only look to the claims of the named plaintiff(s) only and the defendant's contacts within the jurisdiction. *See Gibbs*, 2019 WL 1980123, at *16 (finding that it is "undisputed" that defendant need only be subject to personal jurisdiction of the named plaintiff's claims in an FLSA collective action); *Seiffert*, 2018 WL 6590836, at *4 ("The original plaintiff in a collective action under the FLSA dictates a district court's analysis of specific jurisdiction."); *Swamy*, 2017 WL 5196780, at *2 ("It is undisputed that [defendant] is subject to personal jurisdiction in California to claims brought by Swamy, the sole named plaintiff in this action, which is all that is needed to satisfy the requirement of personal jurisdiction in an FLSA collective action.")

Due to this substantial split of authority, both within this Circuit and across the country, a difference of opinion exists, which supports certifying the Court's Order for interlocutory appeal. *Accord Sims*, 2010 WL 1050976, at *3 (finding that a difference of opinion existed where divergent views of the controlling issue arose within the applicable Circuit and around the country).

### III. Immediate Resolution of This Question Will Materially Advance the Litigation

An interlocutory appeal materially advances the litigation where "reversal would substantially alter the course of the district court proceedings or relieve the parties of significant

burdens." *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026.  Moreover, interlocutory appeal is most appropriate early in the proceedings, "particularly in protracted and expensive cases, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." *Black & Decker*, 2008 WL 3850825, at *4 (citation omitted).  This Court has placed special emphasis on this third factor. *See Sims v. First Horizon Nat'l Corp.*, 2010 WL 1050976, at *4 (W.D. Tenn. Mar. 22, 2010).

First, reversal of the Court's conditional certification order would substantially alter the course of this proceeding.  Presently, this FLSA collective action is limited to opt-in plaintiffs who work or have worked within Tennessee.  (*See* Order, ECF No. 85.)  However, if the Sixth Circuit holds that *Bristol-Myers* does not apply to FLSA collective actions, then out-of-state putative collective members would be notified of this proceeding and this case would transform into a nationwide collective action.  Both parties would be relieved of the burdens associated with pursuing and defending similar actions on multiple fronts.  In other words, instead of bringing FLSA collectives in multiple federal districts across the country, Plaintiff may consolidate all putative collective members' claims into one action and try the case on a representative basis.  *See Monroe v. FTA USA, LLC*, 860 F.3d 389, 416 (6th Cir. 2017) (affirming jury verdict in an off-the-clock overtime case where the plaintiffs presented representative testimony to prove liability and damages).  Defendant may also benefit from efficiently defending against similar claims in one forum rather than in dozens of districts.

Second, this litigation is in its early stages, so it makes sense to permit an interlocutory appeal now rather than after final judgment.  The FLSA notice period for a Tennessee-only collective closed on April 26, 2020.  The parties have not yet engaged in any discovery, and under the Supplemental Scheduling Order, discovery does not close until October 26, 2020.  (*See* Suppl.

Rule 26(f) Report, ECF No. 88.)  Resolving this legal issue at this early juncture promotes judicial economy and preservation of the parties' resources, because if the Sixth Circuit reversed the Court's Order at a later point, then the parties would need to conduct a second trial on the same exact issues for the out-of-state opt-in Plaintiffs' claims.  Because this case is in its infancy stages, certifying the Court's order for interlocutory appeal is advantageous.

## **CONCLUSION**

Whether the *Bristol-Myers* decision applies to FLSA collective actions is a controlling legal question in which there is a split of opinion within this Circuit and which would materially advance this litigation.  For these reasons, Plaintiff respectfully requests that the Court certify its Order conditionally certifying a Tennessee-only collective and dismissing the three out-of-state opt-in Plaintiffs' claims for the purpose of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: May 19, 2020                              Respectfully submitted,

**NICHOLS KASTER, PLLP**

s/*Rachhana T. Srey*
Rachhana T. Srey, MN Bar No. 340133
Caroline E. Bressman, MN Bar No. 0400013
Neil D. Pederson, MN Bar No. 397628*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com
cbressman@nka.com
npederson@nka.com
*Admitted pro hac vice*

**DONATI LAW, PLLC**
William B. Ryan
1545 Union Avenue

9

       Memphis, TN 38104
       billy@donatilaw.com

**Attorneys for Plaintiff
and the FLSA Collective**

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 19, 2020, I filed the foregoing document via the Court's ECF system, which will cause a copy of the same to be served via email on all attorneys of record in this matter, including Brett C. Bartlett, Kevin M. Young, and Jade M. Gilstrap, attorneys for Defendant.

                                                                                  s/ *Rachhana T. Srey*
                                                                                  Rachhana T. Srey