IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LAURA CANADAY,          )<br>                                          )<br>       Plaintiff,                     )<br>                                          )<br>v.                                        )<br>                                          )<br>THE ANTHEM COMPANIES, INC.,  )<br>                                          )<br>       Defendant.                  ) | No. 1:19-cv-01084-STA-jay |

**ORDER GRANTING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**
_____

Before the Court is Plaintiff's Unopposed Motion to Certify for Interlocutory Appeal the Court's Order Adopting Report and Recommendation and Granting Partial Motion to Dismiss. (ECF No. 90.) On February 3, 2020, this Court adopted the Magistrate Judge's Report and Recommendation that Plaintiff's Motion for Conditional Collective Action Certification (ECF No. 36) be granted in part and denied in part and granted Defendant's Partial Motion to Dismiss. (ECF No. 68.) The Court applied the Supreme Court's reasoning in *Bristol-Myers Squibb Co. v. California*, 137 S.Ct. 1773, 1781 (2017), and conditionally certified a class of individuals who worked for Defendant in Tennessee, concluding that it does not have personal jurisdiction over putative plaintiffs that worked for Defendant outside of Tennessee. (*Id.* at 10–11.) Thus, the Court dismissed three putative plaintiffs that had already consented to join in the action but did not work for Defendant in Tennessee. (*Id.* at 11–12.) For the reasons discussed herein, the Court **GRANTS** Plaintiff's Motion and **CERTIFIES** its February 3, 2020 Order for Interlocutory Appeal.

Where an order in a civil action "involves a controlling question of law as to which there

is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" but is not otherwise appealable, the district judge may certify that order for interlocutory appeal.  28 U.S.C. § 1292(b).

The Order at issue involves a controlling question of law, specifically whether this Court has personal jurisdiction over claims made by putative members of a Fair Labor Standards Act collective that worked for the Defendant outside of Tennessee.  Further, a substantial ground for difference of opinion exists.  As Plaintiff outlined in her Motion, there is a split amongst district courts not only within the Sixth Circuit but across the country, and no Court of Appeals has yet ruled on the issue.  Finally, immediate appeal from the Order may materially advance the ultimate termination of the litigation.  Reversal of the conditional certification of a collective limited to in-state opt-in plaintiffs would substantially alter the course of these proceedings going forward.  Specifically, should the Sixth Circuit find that this Court does have personal jurisdiction over out-of-state opt-in plaintiffs, the parties would forego the burdens associated with bringing and defending FLSA collectives in multiple federal districts across the country.

Accordingly, the Court hereby **CERTIFIES** its Order Adopting Report and Recommendation and Granting Partial Motion to Dismiss (ECF No. 68) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  June 8, 2020.